(108 App. Div. 198.)

### HIRTH v. ZELLER.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

VENDOR AND PURCHASER—MARKETABLE TITLE.

Where one having a leasehold estate mortgaged the land and thereafter acquired the fee, and on foreclosure all persons who could claim under him were made parties and the surplus was distributed to all entitled to it as representing the mortgagor's interest, the foreclosure title was a marketable one.

Action by Wilhelmina Hirth against George Zeller. Submission on agreed facts. Judgment for plaintiff.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and CLARKE, JJ.

Peter Cook, for plaintiff.
Theo. Sattler, for defendant.

PATTERSON, J. This is a submission of a controversy on an agreed statement of facts, and the question involved is the marketability of the title to certain premises, to wit, No. 129 Pitt street, in the borough of Manhattan, in the city of New York, which premises the defendant agreed to purchase from the plaintiff. At the time appointed by the contract for its performance, a deed was tendered by the plaintiff; but the defendant refused to complete, alleging that a doubtful, if not a defective, title was offered him. It appears that in 1833 John B. Lawrence was the owner in fee of the premises. He made a lease thereof to John Gilmartin, dated March 9, 1833, and which was for a term of 16 years from May 1, 1833. The lease expired May 1, 1849. Gilmartin in 1836 assigned this lease to Owen Clark. On the 29th of June, 1836, Owen Clark and his

wife executed a mortgage to one Thomas Negus upon premises
in Willett street, in the city of New York, which he owned in fee,
and also upon the premises in Pitt street, the subject of the contract
between the parties to this submission. This mortgage made no
reference whatever to the mortgagor having only a leasehold es-
tate in the Pitt street premises. The mortgage was assigned to
Horace F. Clark. John B. Lawrence died prior to 1849 and he never
had conveyed the fee of the premises in question, but on October
22, 1849, his executors, having a power of sale given them by his
will, conveyed them to Owen Clark, and on October 23, 1849, Owen
Clark and his wife mortgaged such premises and others to John
Conway. Owen Clark died prior to June, 1857, leaving a last will
and testament, which was duly proven and by which he gave all
his real estate to his wife, Margaret, for life, and remainder to his
three daughters, Catherine, Ann, and Mary Ann, and he appointed
John Conway and Michael Smith executors of his will, and they
qualified. In September, 1859, Horace Clark brought an action
in the Supreme Court to foreclose certain mortgages, including the
mortgage made by Owen Clark to Thomas Negus, above mentioned;
and to that action Margaret Clark, widow of Owen Clark, Ann
Gray, Bridget Higgins, and Mary Ann Clark, the children and heirs
at law of Owen Clark, were made parties. Owen Clark's daughter
Catherine died before the commencement of the action, unmarried
and intestate. The foreclosure action proceeded to judgment, a
sale was had thereunder, and the property was bid in by Valentine
Hirth, the predecessor in title of the plaintiff, and was duly con-
veyed to him by a sheriff's deed in January, 1860. There were
surplus moneys resulting from the sale, the income of which was
paid to Owen Clark's widow during her lifetime, and after her death
the principal of such surplus was paid over to those entitled under
the will of Owen Clark.

The objection to the marketability of the title now taken is that,
at the time the mortgage was made (June, 1836) by Owen Clark
and his wife to Thomas Negus, the mortgagor had only a leasehold
estate in the land, and that, the mortgage not attaching to the fee,
title could not be made under the foreclosure suit. The difficulty
with the proposition of the defendant is that there is no one who can
contest the title. The estate in the Pitt street property did become
fully vested in Owen Clark. He held the fee under the deed of
October 22, 1849, when the foreclosure action was brought. To
that action were made parties all persons who could claim under
Owen Clark. Their rights were before the court, and a decree
was entered by which all such rights were cut off. The purchaser
at the sale could rely implicitly upon the title he acquired under the
decree of all the persons who were made parties to the action. In
addition to this it may be said that the surplus money arising from
the sale was distributed and received by all those who were en-
titled to it as representing the Owen Clark interest.

Judgment should be rendered for the plaintiff as prayed for in the
submission, with costs. All concur.